CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 17 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEROME J. WEST, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:07-cv-00474 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| D. A. BRAXTON, et. al., | ) | By: Hon. James C. Turk |
|     Defendant(s). | ) | Senior United States District Judge |

Plaintiff Jerome J. West, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, West alleges that in 1998, while incarcerated at Buckingham Correctional Center ("Buckingham"),[1] he fell in the shower and injured himself; he asserts that he fell because prison officials failed to put non-skid flooring in the shower area. He also alleges that the prison doctor failed to provide him with recommended follow up visits to a back specialist and the grievance coordinator refused to allow him to exhaust administrative remedies. As relief, West seeks $1,000,000 in damages. Upon consideration of the complaint, the court finds that this action is barred by the applicable statute of limitations and must be dismissed pursuant to 28 U.S.C. §1915A(b)(1) as legally frivolous.[2]

---

[1] In listing his defendants, West identifies them as being officials at Dillwyn Correctional Center. Other sections of his submissions, however, indicate that the injury and medical needs at issue occurred while he was at Buckingham.

[2] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

I.

West alleges the following sequence of events on which his claims are based. On May 25, 1998, West was working as a "showerman in D-4 pod" at Buckingham. As he was leaving the shower, he slipped and fell, suffering a "sever [sic] back injury." The floor of the shower area did not have "non-slip strips or coating." He asserts that the prison safety inspector "was written to on several different occasions" about putting down non-slip strips or coating, but failed to take this precaution.[3]

After his injury, West was sent by prison officials to a specialist, who recommended return visits. West now complains that Dr. Mobasher did not return him to the specialist. West states that he is still having problems with his back and "numming" of his legs, which has also caused mental and emotional stress. After West filed a grievance at Buckingham on June 2, 1999, and submitted "kite" forms to prison medical staff and the warden, he received no response. He also wrote letters to numerous officials, again with no response, and complains that the grievance coordinator "refused to allow him to exhaust his administrative remedies." West indicates that in November 2004, he was transferred to his current institution, Coffeewood Correctional Center.

II.

No federal statute of limitations applies in § 1983 actions. Wilson v. Garcia, 471 U.S. 261, 266 (1985). Accordingly, §1983 actions are governed by the state statute of limitations applicable for general personal injury cases in the state where the alleged violations occur. Owens v. Okure, 488 U.S. 235, 239-40 (1989). Virginia has a two-year statute of limitations for general, personal

---

[3] West asserts that if the safety strips had been applied before December 9, 1999, no one would have been hurt.

injury claims. Va. Code Ann. § 8.01-243(a). Under these principles, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues. Id.

The time of accrual of a cause of action under § 1983 is a federal question. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). In Nasim, the United States Court of Appeals for the Fourth Circuit held that a cause of action under §1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. An inmate's § 1983 action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Lewis v. Richmond City Police Depot, 947 F.2d 733, 735 (4th Cir. 1991). In Virginia § 1983 cases, then, if an inmate has not delivered his complaint to prison officials for mailing within the two-year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit.

Under these principles, it is clear from the face of plaintiff's pleadings that his claims are barred by the applicable, two-year statute of limitations. The injury and alleged deliberate indifference to serious medical needs and hazardous living conditions at issue occurred in 1998, the attempts at pursuing the grievance procedure in 1999. Furthermore, after West was transferred away from Buckingham in November 2004, none of the defendants had any responsibility for his safety or medical care after that event. Now, nearly three years after his transfer and more than nine years after his injury and alleged lack of medical care, West seeks to bring claims under § 1983 concerning these past events. Clearly, he knew the facts necessary to raise these claims years ago and has simply

3

waited too long to bring suit.[4] Accordingly, the court concludes that his claims are now barred under Virginia Code § 8.01-243(a)

As the court has determined that the statute of limitations unquestionably provides an affirmative defense to this civil action, the court may summarily dismiss the complaint as frivolous, pursuant to § 1915A(b)(1). See Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983) (finding under former version of §1915 that court may summarily dismiss based on affirmative defense). Plaintiff's factual contentions are no longer actionable under § 1983 and must be dismissed, pursuant to §1915A(b)(1), as legally frivolous. An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 17th day of October, 2007.

Senior United States District Judge

---

[4] West offers absolutely no explanation for his lengthy delay in bringing his claims to court.

4